IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LINDA LEE DAGGETT | ) |
| | ) Case No. 6:11-cv-6353-HO |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LINN COUNTY (OREGON) SHERIFF, | ) |
| | ) |
| Defendant. | ) |
| | ) |

INTRODUCTION

Defendant Linn County (Oregon) Sheriff (Sheriff), moves for summary judgment against *pro se* plaintiff Linda Lee Daggett's (Daggett) claims arguing *inter alia,* that plaintiff previously filed an action based on the same set of facts in Oregon state court (*Daggett v. Linn County Sheriff*, Circuit Court of the State of Oregon for the County of Linn, Case No. 110205). [#13; #17]. on October 20, 2011, that suit was dismissed and a judgment was entered

ORDER - page 1

awarding costs and disbursements to defendant as the prevailing party in that matter. [#16-Ex.1]. Plaintiff has appealed that dismissal to the Oregon State Court of Appeals (Oregon Court of Appeals Case No. A150052). [#17; #18].

## BACKGROUND

Plaintiff claims a violation of her Fifth Amendment rights by the Linn County Sheriff "green-light[ing] a repossession request of Plaintiff/s [sic] farm implement." [#2]. Plaintiff had reported her Kubota tractor's repossession as a theft to the Sheriff's office. [#2; #18].

Plaintiff does not dispute defendant's claim that she had a complaint stemming from the same incident dismissed by the Linn County Circuit Court. [#18]. Similarly she admits that she is currently "pursuing her right to appeal the Linn County Circuit Court's ruling." [#18-p.4] Defendant notes that the Oregon State Court of Appeals is currently holding plaintiff's appeal in abeyance pending disposition of this federal court action. [#17-p.2]

## DISCUSSION

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that, in effect, seek review of state court judgments. *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007). The doctrine bars a federal court's direct review of issues actually decided by state courts as well as claims that amount to nothing more than an impermissible collateral attack on

prior state court decisions and that are inextricably intertwined with the forbidden appeal. *Ignacio v. Judges of U.S. Court of Appeals for Ninth Cir.*, 453 F.3d 1160, 1166 (9th Cir. 2006).

The *Rooker-Feldman* doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights. *Bates v. Jones*, 131 F.3d 843, 856 (9th Cir.1997). *Rooker-Feldman* is a jurisdictional doctrine rather than a claim preclusion doctrine. *Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir.2006).

Although Daggett does not explicitly request a review of the state court decision dismissing her claim based on the repossession of her tractor against the Linn County Sheriff, she has filed her action in this court after that claim was fully litigated and is under appeal in the state court system. Plaintiff's claims in the instant matter are inextricably intertwined with those the state court action already determined and which she has currently pending before the Oregon Court of Appeals. In other words, this action seeks to have the federal court undo the Linn County Circuit court's decision.

Because plaintiff's unequivocal purpose in bringing this federal action is to undo a state court's decision, the *Rooker-Feldman* doctrine applies. Accordingly, this court lacks subject-matter jurisdiction.

ORDER - page 3

CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (#13) is GRANTED. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 1st day of April, 2012.

*[signature]*
United States District Judge